# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elizabeth Grant<br><div align="center">Plaintiff,</div><br>v.<br><br>The American Society for the Prevention of Cruelty to Animals (ASPCA), and<br><br>The City of New York and The New York City Police Department (NYPD), John & Jane Does (1-10)[1], and<br><br>The County of Queens; Richard A. Brown, District Attorney of the County of Queens, individually and in his official capacity; Assistant District Attorney Nicoletta Caferri, individually and in her official capacity; John and Jane Does (11-20)[2],individually and in their official capacities.<br><div align="right">Defendants.</div> | Case No.  1:16-cv-02765-ER<br><br><br><br>**AMENDED COMPLAINT**<br><br>**[JURY DEMAND]** |

---

[1] Names being fictitious and presently unknown to plaintiff and being intended to be Police Officers, supervisory personnel and/or other employees of the Defendant City of New York and/or New York City Police Department

[2] Names being fictitious and presently unknown to plaintiff and being intended to be Assistant District Attorneys, supervisory personnel and/or other employees of the Defendant City of New York City, County of Queens and/or The District Attorney of the City of New York

NOVEMBER 7, 2016

COMES NOW Elizabeth Grant, by and through her attorneys of record, Richard Bruce Rosenthal and Thompson Gould Page, and complain of defendants as follows:

## PRELIMINARY STATEMENT

1. It has been said that, "[i]ndividual freedom finds tangible expression in property rights."[1] The Defendants, individually and working in concert, have disregarded

---

[1] *United States* v. *James Daniel Good Real Property,* 510 U.S. 43, 61 (1993).

this venerable principle by seizing, keeping, and on occasion killing the private property of others (in this case dogs, cats and turtles) without providing the constitutionally required hearings. This they cannot do.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction as Plaintiffs' claims are based upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs by the Constitution of the United States.

3. This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of Plaintiffs' rights guaranteed by the First, Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

5. Plaintiffs' claims for declaratory relief and compensatory damages are sought under 28 U.S.C. §§ 2201 and 2202.

6. Plaintiffs' claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988 which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

7. Venue is conferred by 28 U.S.C § 1391(b), as the main offices of Defendants AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS (hereinafter, "ASPCA"), THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD"), defendants JOHN AND JANE DOES 1-10, THE COUNTY OF QUEENS, DISTRICT ATTORNEY

2

RICHARD A. BROWN, ASSISTANT DISTRICT ATTORNEY NICOLETTA CAFERRI,  AND JANE AND JOHN DOES 11-20 are all located in the Southern District of New York; the animals that are the underlying subject of this lawsuit, upon information and belief, are being held in the Southern District of New York, and; the events giving rise to these claims occurred in the Southern and Eastern Districts of New York.

## **PARTIES**

8.  Plaintiff, ELIZABETH GRANT, is an individual residing at 25-44 82nd Street, Jackson Heights, New York.

9.  Upon information and belief, at all times described herein defendant ASPCA is a domestic non-profit organization organized and operating under New York State law with a principal place of business situated at 424 East 92nd Street, New York, New York.

10. In the context in which the plaintiff brings suit, the ASPCA is acting under color of State law, as they have the right of retention of property seized by the City of New York and County of Queens through the NYPD, and the ability to force the owners of such property to bond the reasonably foreseeable costs of the bailment of such property, and to dispose of such property, including through destruction, in their sole discretion. *See NY Agriculture and Market Law §373(6) et seq.*  Thus, they stand in the stead of the Queens County Property Clerk, which ordinarily provides such services and exercises such discretion over property seized by the NYPD, and therefore the ASPCA in this context holds title and position under the defendants' Rules of the City of New York, and is authorized to create the policies under which property is retained without hearing and disposed of without consent of the rightful owner.

11. These defendants are, therefore, clothed with the authority to make official government policy, and dispose of the property of United States citizens, on behalf of the City of New York and County of Queens.

12. As such, their wrongful actions in relation to plaintiff's property represent the City and County's official governmental policy.

13. Because the actions of these defendants, as described herein above, regarding plaintiff's property, constitute the City and County's official policy, the ASPCA is also a "person" liable for their wrongful actions within the purview of 42 U.S.C. § 1983.

14. Upon information and belief, defendant THE CITY OF NEW YORK, (hereinafter, "the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and other agencies, which act as their agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and its other agencies and departments, and the employment of police officers and employees of its other agencies and departments, as said risks attach to the public consumers of the services provided by the NYPD and other agencies and departments of the City.

15. Upon information and belief, defendant NYPD is an entity created and authorized under the laws of the State of New York and a department and subdivision of the defendant City of New York. It is authorized and empowered to enforce the laws of the State of New York and City of New York, and acts as their agent therefore in the area of law enforcement. As the law enforcement arm of the City, the NYPD has the power to carry

out, through its departmental policies, the laws and official policies of the City of New York.

16. While intentionally engaging in the improper and unlawful conduct described herein, defendants NYPD were clothed with the authority of local law in their capacity as the official police enforcement body of the City of New York and County of Queens.

17. The wrongs committed by defendant NYPD, and the injuries sustained by plaintiff as a result thereof, were rendered possible only because of the veil of local authority lodged in defendant NYPD by virtue of its office as the police enforcement arm of the City of New York, and was expressly created under local law.

18. The wrongs committed by defendants NYPD constituted a misuse of the power possessed by them by virtue of local law and in their capacity and position as the police enforcement arm of the City of New York and County of Queens.

19. The wrongs committed by defendants NYPD were planned, orchestrated and committed during the regular business hours of the NYPD's official office and within the hours during which the NYPD is responsible for fulfilling its official duties as the police enforcement arm of the City of New York and County of Queens.

20. In committing the wrongs described herein, defendants NYPD held themselves out to be acting in their capacities as the police enforcement arm of the City of New York and County of Queens and were viewed to be acting in such capacity by the persons to whom defendants NYPD influenced as described herein.

21. Accordingly, in committing or causing to be committed the acts described herein, defendants NYPD were and are persons acting under color of state law within the

purview of 42 U.S.C. § 1983.

22. Defendants JOHN AND JANE DOES 1-10, inclusive, are the individual police officers, supervisors, members and/or employees of the NYPD, as yet unidentified, who have or will in the future seize, retain, hold, restrain or destroy animal property without providing a property vouchering system or other necessary means to effect a prompt, post-seizure hearing of animal property.

23. Upon information and belief, the defendant COUNTY OF QUEENS (hereinafter "the County") is a municipal corporation organized and operating under New York State law, as a subdivision of the City of New York, with a principle place of business situated at 120-55 Queens Boulevard, Queens, New York.

24. Upon information and belief, at all times described herein the defendant, RICHARD A. BROWN, Esq. (hereinafter "Brown") was, and remains, an elected official of and an employee, agent and representative of the defendant County of Queens and/or the defendant City of New York, in his capacity as the Queens County District Attorney.

25. Upon information and belief, at all times described herein the defendant, Assistant District Attorney Nicoletta Caferri (hereinafter "Caferri") was, and remains, an employee, agent and representative of the County of Queens and The City of New York, and RICHARD A. BROWN, District Attorney for the County of Queens, in her capacity as a supervisory Assistant District Attorney in the Queens County District Attorney's Office.

26. While intentionally engaging in the improper and unlawful conduct described herein, defendants Brown and Caferri were clothed with the authority of local law in their capacities as District Attorney for County of Queens, and as an Assistant District

Attorney for the County of Queens, as the case may be.

27. The wrongs committed by defendant Brown and Caferri, and the injuries sustained by plaintiff as a result thereof, were rendered possible only because of the veil of local authority lodged in defendant Brown by virtue of his office as the District Attorney, which was expressly created under local law.

28. The wrongs committed by defendants Brown & Caferri constituted a misuse of the power possessed by defendant Brown by virtue of local law and defendant Brown's capacity and position as District Attorney.

29. The wrongs committed by defendants Brown & Caferri were planned, orchestrated and committed during the regular business hours of defendant Brown's official office and within the hours during which defendant Brown is responsible for fulfilling his official duties as District Attorney.

30. In committing the wrongs described herein, defendants Brown & Caferri held themselves out to be acting in their capacities as District Attorney and Assistant District Attorney and were viewed to be acting in such capacity by the persons to whom defendants Brown and/or Caferri influenced as described herein.

31. Accordingly, in committing or causing to be committed the acts described herein, defendants Brown and Caferri were and are persons acting under color of state law within the purview of 42 U.S.C. § 1983.

32. Defendants JOHN AND JANE DOES 11-20, inclusive, are the individual assistant district attorneys, supervisors, members and/or employees of the County of Queens District Attorney's Office, as yet unidentified, who have or will in the future cause to be seized,

retained, held or destroyed, animal property, without providing or participating in a post-seizure hearing process, and who may use targeted prosecution to chill the exercise of the 1st Amendment Right of Petition in the future.

**FACTS**

33. This is an action seeking declaratory and injunctive relief and damages, costs and attorneys' fees, arising under 42 U.S.C §1983 and §1988, to redress deprivation, under color of law, of rights, privileges and immunities guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution. It is brought by the owner of a number of animals that were seized and retained by the defendants, which include the ASPCA acting in concert with the City of New York and the County of Queens, the District Attorney of the County of Queens and several of their agents and representatives, without any sort of due process or hearing provided to the plaintiff to challenge the validity of such seizure and retention.

34. Moreover, from January 28, 2016 (the date of the seizure) until after the commencement of this action on April 26, 2016, the plaintiff herein had not been charged with any crime. By reason of defendants' actions, including their unreasonable and unlawful conduct and their policy and practice of seizing animals without any recovery procedure in place, the plaintiff was deprived of her constitutional rights.

35. Pursuant to the 2nd Circuit decision in *Krimstock v. Kelly*, 464 F.3d 246 (Krimstock III) and Judge Baer's subsequent decision (*Krimstock v. Kelly*, 506 F.Supp.2d 249) owners of property, obstensibly held as evidence, must make a demand for the return thereof, or, in the alternative demand a hearing to determine whether there was probable cause to seize

and for the necessity for continued retention of the property.

36. As a result of, and in retaliation for, plaintiff submitting a letter to the Queen's County District Attorney's office, the Commanding Officer of the NYPD Property Division, the Property Officer of the NYPD 115th precinct, along with the office of the Senior Vice President and Chief Legal Officer of the ASPCA, Ms. Beverly Jones,  which letter demanded, at the least, a *Krimstock* compliant post-seizure hearing, or in the alternative, immediate return of the subject animal property, the defendants, without complying with the requirements of Due Process, *Krimstock* or any other binding precedent, commenced a criminal proceeding in order to chill plaintiff's free exercise of her First Amendment right to petition the government for redress of grievances. The subject correspondence was previously annexed to the original complaint as Exhibit "A" and is incorporated herein by reference**.**

37. As a result of such retaliation, which occurred after two and one half months from the date of seizure and the NYPD's knowledge of the alleged facts giving cause to the subject arrest, and most notably mere days from the receipt of plaintiff's letters demanding the return of her property, upon information and belief plaintiff Grant will be arrested by the NYPD.  This will likely result in her being fired and semi-permanently or permanently barred from seeking employment in her capacity as a teacher.

38. Under the Rules of the City of New York, (hereinafter, "Rules") to which the County of Queens is bound by virtue of its identity as one of the Five Boroughs of New York City, the County operates through its Borough President, Borough Board and its elected representatives to the New York City Council.

39. At all relevant times described herein, the City of New York and County of Queens maintained an animal seizure program, within which they: (a) seize and retain possession of animals incident to allegations of animal cruelty, and (b) thereafter subject such animals to prolonged, unjustified retention, civil forfeiture and death.

40. Under such program, as carried out by the defendants, upon the alleged violation of New York Agriculture and Markets Law Article 26 §373(2) by an individual, the defendants cause the seizure of any and all animals on the premises of the accused and immediately deprive such owner of the possession, use and enjoyment of these animals.

41. The 14th Amendment to the United States Constitution explicitly provides that no person may be deprived of life, liberty or property without due process of law.

42. Under the constraints of the 14th Amendment, the defendants are statutorily required to afford animal property owners with due process before effectuating a continued deprivation of their property rights.

43. In the matter of *Krimstock v. Kelly,* 2000 WL 1702035, the U.S. District Court, Southern District of New York, entertained a challenge to the constitutionality of the City of New York's seizure and continued retention of property, in that case motor vehicles, from owners who had not been convicted of any crime.

44. In 2002, on appeal from the Southern District, the Court of Appeals for the Second Circuit, per now-Supreme Court Justice Sotomayor, explicitly ruled that to comport with the constraints of the Due Process Clause of the 14th Amendment, a municipality which seizes and seeks to retain possession of an accused's property must provide the owner

of such property with a prompt "retention hearing" at which the owner may challenge the validity of both the initial seizure of the property and the continued retention thereof. *Krimstock v. Kelly.* 306 F.3d 40 (2nd Cir. 2002).

45. In rendering such a ruling, the Second Circuit explicitly set the standard that, to establish entitlement to retain possession of seized property, a municipality *must establish* (a) the validity and probable cause for the underlying arrest and seizure; and (b) the necessity and legitimacy of continued retention of the property.

46. Thereafter, in the follow-up decisions in Krimstock v. Kelly,  464 F.3d 246  (Krimstock III) and Judge Baer's subsequent decision (Krimstock v. Kelly, 506 F.Supp.2d 249), the Court concluded that the right to such hearing applied to property so seized and purportedly held as evidence, and set down further procedures for obtaining such a hearing under these circumstances.

47. Separate and apart from the 14th Amendment, under the Rules of The City of New York, to which Queens County is bound as well, the City codified the *Krimstock II* requirements for a preliminary probable cause hearing, but only as they apply to the seizure of vehicles. (See Rules of the City of New York, Title 48, Chapter 2, Subdivision D). In sum, this section of the Rules requires the municipality to determine whether probable cause exists for the seizure of vehicles, whether the municipality is likely to succeed on the merits of a subsequent forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of a forfeiture proceeding, and whether any other, less restrictive measures could adequately protect the City's interest during the proceeding.

48. However, no such procedural due process or protection is specifically afforded to owners of animal property taken under NY Agriculture and Markets Law Article 26 §373(2).

49. In direct defiance of both the 14th Amendment Due Process requirements articulated in *Krimstock* and those requirements afforded to certain other property owners by the Rules of the City of New York, namely vehicle owners, the defendants herein deliberately permit the abridgement of the property rights of animal property owners by such defendants' agents or employees, and systematically refuse to comport with the requirements of due process.

**Seizure of Plaintiff's Property Without Due Process**

50. On or about January 28, 2016, the defendant City and County, acting through their agents the NYPD, and joined by a contingent of ASPCA agents and/or employees, forcibly entered the plaintiff's home and seized the plaintiff's property, consisting of a large number of domestic pets, during a raid colored under the execution of a search warrant.

51. Neither at the time the NYPD and ASPCA seized the animals on January 26, 2016, nor until Plaintiff was arraigned on April 26, 2016were any charges brought against the owner of the animals for violating any law or regulation that justifies such seizure, nor had any notice been served that the NYPD or ASPCA had lawfully taken possession of these animals.

52. Additionally, since that time, the defendants have made no effort to advise the plaintiff of any sort of hearing or possible means of challenging the validity of such seizure. ??

53. The Rules of the City of New York (hereinafter, "The Rules"), Title 38, Chapter 12, Subchapters A and B, define several procedures for effectuating the return of property held by the NYPD.

54. The Rules provide procedures for when the NYPD may be holding the property of a citizen/suspect and how to reclaim it, including procedures applicable to the facts of this case; to wit, the property may be Arrest Evidence, in which case Subchapter B, §§12-31 through 12-38 govern the return of the property; it may be property held for "Safekeeping" where its return is governed by Rule 38, Subchapter A, §12-08; or the property may be considered "Investigatory Evidence," where its return is governed by Rules 38, Subchapter A, §12-06.

55. The City, County, ASPCA and other defendants cannot claim to be holding the property as "Arrest Evidence," however, because as of the date of this complaint, no arrest has been made concerning the actions which also gave rise to the seizure of plaintiff's property.

56. In the event the defendants claim to be holding the property under the auspices of "Safekeeping", its return would be governed by Rule 38, Subchapter A, §12-08. This section states that "this category (of property) covers property cases removed from aided and prisoner's personal property not required as evidence. The claimant generally produces the pink copy of the voucher or, if not issued, obtains the voucher number from the Precinct in which the property was taken." *Rules of the City of New York, Title 38, Subchapter A, §12-08*. However, the plaintiff in this case was not issued a voucher of any sort at the time of the seizure. Telephone communications with both the Queens

County Property Clerk and Officer Chen, Property Officer of the 115th precinct of the NYPD (the precinct that executed the subject warrant and seizure) confirm that neither office has available a voucher number for the plaintiff's animal property nor were any of the animals so seized vouchered or otherwise documented by the NYPD. Thus, the claimant not only was not given a voucher number (as none of the property so seized was ever vouchered by the NYPD) in order that she might identify and claim her property, but direct contact with the entities from whom she might request such information confirm it was not recorded and cannot be provided.

57. Finally, the property cannot be held as "Investigatory Evidence.," If it were, its return would be governed by Rule 38, Subchapter A, §12-06, which states that "[p]roperty vouchered for investigation will require the claimant to obtain a release from the investigating officer, in writing, usually on department letterhead." As previously noted, the defendants never vouchered the subject property, and therefore have made no claim to justify the continued retention of the plaintiff's property (animals) pursuant to the New York City Rules. The animals are not being held by NYPD Officer Lorraine Vultaggio, on whose affidavit the Search Warrant was based, nor are they being held by her department at large, and thus neither she nor the NYPD can control the retention or release of the property. The City, County or ASPCA defendants cannot claim they are justified in continuing to hold the plaintiff's property as evidence because the property became unusable as evidence the moment defendants provided the property with food and medical care, destroying property's status as evidence. Therefore, any claim of holding property as evidence is illusory, and thus a pretext. See Krimstock v. Kelly, 506 F.Supp.2d 249, 254 (2007) ("First, Plaintiffs propose that

the ADA must affirm that there are reasons for the retention, what they are, and that they relate to the contested issue in the underlying criminal proceeding. Secondly, Plaintiffs propose that the ADA must affirm that no other means besides impoundment (such as more time-limited photographing or forensic testing) will suffice to preserve the evidentiary value of the vehicle…. Accordingly, the ADA's application for a retention order should include an affirmation that meets those two requirements.")

58. Additionally, this scenario leaves the sole determination of the validity of the continued abridgement of the plaintiff's property rights in the hands of the City and/or its agents, all of whom are partial and adversarial to the plaintiff, and cannot be allowed to be the sole determinant of whether their sole determination was proper. This does not constitute a meaningful opportunity at a meaningful time to have the plaintiff's voice heard before a neutral and unbiased tribunal.

59. Thus, the Rules simply do not provide this plaintiff an avenue for *any* review of the validity of the City, County and/or ASPCA's continued retention of her property, let alone review sufficient to satisfy the requirements of Constitutional Due Process.

**Governmental Policies - Monell Liability**

60. At all times relevant hereto, it was the policy of the City of New York and/or County of Queens that in any seizure and subsequent retention of animal property, the person from whom such property was seized had *absolutely no right of hearing or review of the validity of such seizure or continued retention.*

61. At all times relevant hereto, it was the policy of The City of New York, acting through the County of Queens, acting through District Attorney Brown and the NYPD, and finally

15

acting through the ASPCA, to retain possession of any animal property seized pursuant to an alleged violation of New York Agriculture and Market Law §373 without providing any sort of hearing to the owner of such property wherein they may challenge the validity of such seizure and retention. Further, it is their policy to retain possession until such time as the holding agency, in this case the ASPCA, disposes of the property through adoption or destruction, at the sole discretion of the holding agency. At no time during this period is the owner of such animals permitted to see the animals, verify their condition or safety, or challenge the validity of their continued retention.

62. At all times relevant hereto, it was the policy of the defendants City of New York and County of Queens to deliberately train or permit to be trained the Queens County District Attorney, his agents and employees to retain such property without prevailing at a hearing proving that retention of the animal property is necessary to prevent its removal or destruction absent less restrictive means; to permit and cause the NYPD to seize animal property without providing vouchering or other identificatory means of ascertaining seized property; and to permit and cause the ASPCA to effect continued retention and destruction of private animal property without notice to the rightful owner or their having a meaningful opportunity to be heard.

## CLAIMS FOR RELIEF

63. Plaintiff seeks, therefore: a declaratory judgment that her rights were violated by Defendants' retaliation for plaintiff exercising her First Amendment right under the Petition Clause; a declaratory judgment declaring the City of New York's and the County of Queens' and the Queen's County District Attorney's policy and practice of seizing

animals while not providing any sort of hearing to determine the validity of the seizure and continued retention, or providing any means of recovering such property whatsoever, to be unconstitutional and unlawful, and in violation of the Fourth and Fourteenth Amendments to the Constitution and the clear mandate set down by the Court in the various *Krimstock* decisions, and; a preliminary and permanent injunction enjoining defendants from seizing animals without provision for probable cause/validity hearings or recovery procedures in the future. Plaintiffs also seek an award of compensatory and punitive damages and attorney's fees.

### COUNT ONE

**Claims Under The Fourteenth Amendment Of The U.S. Constitution**
**(Procedural Due Process) as against all defendants**

64. The plaintiff repeats & reiterates the allegations set forth in paragraphs "1" through "63" herein above, with the same force and effect as if fully set forth at length herein.

65. Plaintiff owns her animals and therefore has a constitutionally recognized property interest in them.

66. Defendants, through the police and ASPCA, have held, seized, detained and issued orders against plaintiff's animals, all under color of state law and continue to detain plaintiffs' animals, during which they have not provided plaintiff an opportunity to contest the validity of the seizure and detention of plaintiff's animals, thus violating plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

67. These actions are further unconstitutional because plaintiff, whose animals have been seized and detained has never been afforded an opportunity to be heard at a meaningful

time and in a meaningful manner at which to contest the validity of the seizure of her animals and the animals' continued detention pursuant to *Krimstock*.

68. These actions are further unconstitutional because plaintiff has been deprived of visitation with her animals and of providing her choice of care, food, medical attention, exercise and other indicia of ownership concerning her animals.

69. These actions are further unconstitutional because defendants' enforcement of the law in the foregoing manner has resulted in the meaningful interference and deprivation of plaintiff's property, her animals, without any process and is therefore violative of the procedural due process requirements of the Fourteenth Amendment to the United States Constitution.

70. These actions are further unconstitutional because defendants' enforcement of the law against plaintiff has not provided her with a timely notice and an opportunity for a hearing or any other review of the decision to seize and retain, such that plaintiff's deprivation of her property, her dogs, without process, has occurred and continues to occur, thus violating plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

71. These actions are further unconstitutional because defendants have failed to provide plaintiff with a prompt and timely post-seizure hearing before a neutral judicial or administrative officer to determine whether defendants (i) are authorized, without providing notice of an opportunity to be heard or any other process, to seize and detain plaintiff's animals, and under what circumstances they may do so; (ii) had probable cause to continue to believe that plaintiff committed an act in violation of New York Agriculture

and Markets Law Article 26 §373(2); (iii) had probable cause to effectuate the seizure of her animals under the Fourth Amendment to the United States Constitution; and (iv) had properly determined whether means short of detention of her animals could satisfy the municipal defendants' need for continued impoundment and detention of her animals.

72. Having deliberately violated the plaintiff's constitutionally protected rights, and concomitantly having caused the plaintiff to sustain damages as a result thereof, defendants are liable to the Plaintiff, and the Plaintiff is entitled to secure damages, declaratory, and injunctive relief against the defendants, pursuant to 42 U.S.C. §1983.

### COUNT TWO

### Claims Under the Fourth Amendment Of The U.S. Constitution
### as against all defendants

73. The plaintiff repeats & reiterates the allegations set forth in paragraphs "1" through "72" herein above, with the same force and effect as if fully set forth at length herein.

74. Animals are property and, for Fourth Amendment purposes, animals are considered effects and are therefore entitled to protection.

75. Defendants have unreasonably seized and Plaintiff has been wrongfully deprived of possession and visitation with her animals, and of providing her choice of care, food, medical attention, exercise and other indicia of ownership of her animals.

76. The seizure is further unreasonable because the length of the seizure and detention is neither brief nor for a predetermined length of time, but has lasted since January of this year.

77. Having deliberately violated the plaintiff's Constitutionally protected rights, and

concomitantly having caused the plaintiff to sustain damages as a result thereof, defendants are liable to the Plaintiff, and the Plaintiff is entitled to secure damages, declaratory, and injunctive relief against the defendants, pursuant to 42 U.S.C. §1983.

*COUNT THREE*

*Chilling of the Right of Petition Claim Under the First Amendment Of The U.S. Constitution as against all defendants*

78. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "77" herein above, with the same force and effect as if fully set forth at length herein.

79. At all times described herein, the plaintiff was vested of constitutionally protected rights of free speech, in this case the right to petition for the redress of grievances, as set forth herein above.

80. Plaintiff alleges that New York Agriculture and Markets Law §376 as applied by the City of New York, County of Queens through the NYPD is in violation of the rights of the plaintiff and others to free speech and the right to petition for the redress of grievances as guaranteed by the First Amendment to the United States Constitution because such statute is being applied and enforced to punish the exercise by the plaintiff of her constitutionally protected right of free speech and the right to petition for the redress of grievances.

81. As a result of the aforesaid defendants' violation of plaintiff's First Amendment rights, the plaintiff has been damaged through the defendant's actions to deliberately chill her exercise of her First Amendment rights. By continuing a policy, practice and procedure

of deliberately initiating prosecution only after the plaintiff has challenged their as-yet

unbridled authority to seize and withhold animal property, the actions of the County of

Queens District Attorney's office should serve to shock the judicial conscience.

82. All of the injuries described herein above were actually and proximately caused by the

concerted acts of the defendants described herein.

83. The aforesaid defendants' violation of plaintiff's due process rights were made under

color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

84. Having deliberately violated the plaintiff's Constitutionally protected rights, and

concomitantly having caused the plaintiff to sustain monetary and emotional damages

as a result thereof, each of the defendants are personally liable to the plaintiff, and the

plaintiff is entitled to secure relief against the defendants, pursuant to 42 U.S.C. §1983.

85. The actions of the defendants were performed with actual spite, malice, and an

affirmative intent to injure the plaintiff, and were calculated efforts which the

defendants undertook with actual knowledge that their actions were in actual and

deliberate violation of the plaintiff's U.S. Constitutional rights.

86. In view of the foregoing, a substantial award of punitive damages against each of the

individually named defendants is warranted.

### JURY DEMAND

87. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff requests that the Court render judgment:

### *COUNT ONE*

(a) Grant Plaintiff declaratory judgment that she is entitled to a prompt and timely post-seizure hearing before a neutral judicial or administrative officer to determine whether defendants (i) are authorized, without providing notice of an opportunity to be heard or any other process, to seize and detain plaintiff's animals, and under what circumstances they may do so; (ii) had probable cause to continue to believe that plaintiff committed an act in violation of New York Agriculture and Markets Law Article 26 §373(2); (iii) had probable cause to effectuate the seizure of her animals under the Fourth Amendment to the United States Constitution; and (iv) had properly determined whether means short of detention of her animals could satisfy the municipal defendants' need for continued impoundment and detention of her animals.

(b) Grant Plaintiff injunctive relief requiring defendants to return possession of her animals unless defendants immediately provide the hearing as set forth above.

(c) Grant Plaintiff compensatory damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983; and

(d) Grant Plaintiff punitive damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983;

(e) Grant Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b); and

(f) Grant Plaintiff any and all expert fees incurred, pursuant to 42 U.S.C. § 1988(c); and

(g) For such other and further relief as this court may deem just and proper.

### COUNT TWO

(a) Grant Plaintiff declaratory judgment that the seizure and retention of her animals without a hearing as set forth in Count One above is unreasonable and violates her rights under the Fourth Amendment of the United States Constitution.

(b) Grant Plaintiff injunctive relief requiring defendants to immediately return possession of her unreasonably seized animals.

(c) Grant Plaintiff compensatory damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983; and

(d) Grant Plaintiff punitive damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983;

(e) Grant Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b); and

(f) Grant Plaintiff any and all expert fees incurred, pursuant to 42 U.S.C. § 1988(c); and

(g) For such other and further relief as this court may deem just and proper.

### COUNT THREE

(a) Grant Plaintiff compensatory damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983; and

(b) Grant Plaintiff punitive damages against each of the individually named defendants in an amount to be determined by a jury as to the claims pursuant to 42 U.S.C 1983;

(c) Grant Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b); and

(d) Grant Plaintiff any and all expert fees incurred, pursuant to 42 U.S.C. § 1988(c); and

(e) For such other and further relief as this court may deem just and proper.

_____/s/_____

Richard Bruce Rosenthal
Federal Bar No. rb1834

Richard Bruce Rosenthal, Esq.
120-82 Queens Boulevard
Kew Gardens, NY 11415-1204
Tel:      (718) 261-0200
Cell:     (516) 319-0816
Fax:      (718) 793-2791
richard@thedoglawyer.com


_____/s/_____

Thompson Gould Page
Federal Bar No. page9

Thompson Gould Page, LLC
1 Linden Place, Suite 108
Hartford, CT 06106–1748
Tel:      (860) 895-6644
Cell:     (860) 983-7655
Fax:      (860) 896-6672
thom@tpagelaw.com

Attorneys for Plaintiffs

**CERTIFICATION**

     This is to certify that on November 7, 2016, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                    */s/ Thompson Gould Page*
                    Thompson Gould Page